UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BRIGHTON CAPITAL ADVISORS, LLC,.,

                        Plaintiff,                        23 cv 6983(PKC)

      -against-                                     ORDER

CYRULI SHANKS & ZIMOR LLP AND
693 FIFTH OWNER LLC,

                       Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

       The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction sua sponte.

       Where a complaint premised upon diversity of citizenship names a limited liability company or limited partnership as a party, the complaint must allege the citizenship of natural persons who are members of the limited liability company or limited liability partnership as well as the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company. See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000); Strother v. Harte, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."); Rule 8(a), Fed. R. Civ. P.

       Here, the Complaint fails to allege the citizenship of the constituent members of plaintiff and defendants. The state citizenship of a natural person is the person's domicile. A person may reside in several states but only one state is their domicile. A corporation has

1

potentially two states of citizenship, the state where it is incorporated and the state where it has its principal place of business; both must be alleged.

Within 7 days of this Order, plaintiff may serve upon defendants an interrogatory limited to the citizenship of all natural persons who are their members, and, if any corporation is a member, the jurisdiction under whose laws it is incorporated and the principal place of business. Defendants shall have 7 days to respond to the interrogatories.

Within 30 days of this Order, plaintiff shall amend the Complaint to correctly allege the citizenship of all parties. Failure to adequately amend the Complaint will result in dismissal for lack of subject matter jurisdiction.

This is a garden variety action by a financial advisory firm for the recovery of sums allegedly due and owing as a success fee. Let the parties show cause in writing within 14 days why the unredacted Complaint ought not be filed on the public record. A desire to keep an entity's pricing and fee structure confidential from the prying eyes of other customers or competitors is generally an insufficient basis for sealing. The result is not altered by a mere contractual pledge of confidentiality. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       August 30, 2023